# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-cv-22126-WILLIAMS

ELPIDIO CONCEPCION, and all others
similarly situated,

  Plaintiff,

vs.

B&R PRODUCTS, INC., a Florida
Corporation,

  Defendant.       /

## AMENDED ANSWER AND DEFENSES TO COMPLAINT

The Defendant, B & R Products, Inc., by and through undersigned counsel, hereby answers the respective paragraphs of Plaintiff's Complaint as follows:

1. Defendant admits that Plaintiff brings suit pursuant to the Fair Labor Standards Act ("FLSA") and that jurisdiction in this Court is proper, but denies Plaintiff is entitled to any relief.

2. Defendant admits that Plaintiff seeks damages in excess of $15,000, exclusive of attorney's fees and that jurisdiction in this Court is proper, but denies Plaintiff is entitled to any such relief.

3. For jurisdictional purposes only, Defendant admits it is a Florida Profit Corporation and that it engages in business, and has its principal place of business, in Miami-Dade County.

4. Defendant admits that it is a covered employer under the FLSA, as alleged in paragraph 4.

5. Defendant admits that it is a covered employer under the FLSA, as alleged in paragraph 5.

### Count I: Overtime Wage Claim

6. Defendant reaffirms its responses to paragraphs 1-5 referred to herein.

7. Defendant admits the allegations in paragraph 7.

8. Defendant denies the allegations in paragraph 8.

9. Defendant denies the allegations in paragraph 9.

10. Defendant denies the allegations in paragraph 10.

11. Paragraph 11 contains statements of law, and thus no response is required to those statements. To the extent paragraph 11 alleges Defendant violated the FLSA, Defendant denies same.

12. Defendant denies there are similarly situated employees as alleged in Paragraph 12.

13. Defendant admits it maintained Plaintiff's payroll records. Defendant denies the remaining allegations in paragraph 13.

14. Defendant is without knowledge as to the allegations in paragraph 14, and therefore denies same.

15. Any remaining allegations in the Complaint not specifically addressed above are hereby denied.

### DEFENSES

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Complaint, in whole or in part, is barred by the applicable statute of limitations.

## THIRD DEFENSE

Any violation by Defendant was not willful, and thus the statute of limitations should not be extended for three years.

## FOURTH DEFENSE

Defendant is, in whole or in part, exempted from liability pursuant to 29 U.S.C. § 254 and § 258.

## FIFTH DEFENSE

Any and all acts or omissions by Defendant giving rise to this action were in good faith and based upon the reasonable belief that Defendant was not violating the Fair Labor Standards Act, and consequently, Plaintiff is not entitled to liquidated damages under 29 U.S.C. § 260.

## SIXTH DEFENSE

Defendant acted at all times in good faith and in accordance with all applicable local, state and federal laws, statutes, ordinances and regulations.

## SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part by Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the U.S. Department of Labor.

**EIGHTH DEFENSE**

If Defendant violated the FLSA, which is denied, such violations were not done with malice, reckless indifference to the rights of the Plaintiff or done willfully within the meaning of 29 U.S.C. § 255(a).  Any violation by Defendant was not willful.

**NINTH DEFENSE**

At all or some material time, Plaintiff was exempt from the requirements of 29 U.S.C. § 207.

**TENTH DEFENSE**

Plaintiff was an employee employed in a bona fide executive, administrative or professional capacity, and as such is precluded from relief under the Fair Labor Standards Act.

**ELEVENTH DEFENSE**

Without admitting that Plaintiff has suffered any damages, Defendant avers that recovery by Plaintiff must be set-off by the amount of money or other benefits he received, either directly or indirectly, as payment from contractors for getting such contractors hired by Defendant.  Upon information and belief, Plaintiff solicited and obtained money, directly or indirectly, from contractors for personal gain.  Plaintiff spent his energies on personal gain when his energies should have been placed on Defendant's work and acting in Defendant's best interests.

**TWELFTH DEFENSE**

Plaintiff's claims fail, in whole or in part, because of the doctrine of unclean hands.  Upon information and belief, Plaintiff was paid compensation, either directly or indirectly, by contractors for using those contractors to perform work for Defendant.  Plaintiff solicited and obtained this money from contractors for personal gain.  Plaintiff did this while he was supposed

to be acting in Defendant's best interests, thereby breaching his duty of loyalty to Defendant. It would be inequitable to allow him to obtain additional wages from Defendant.